UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH HAMILTON,

        Petitioner,

                                        CASE NO. 2:06-CV-10482
v.                               HONORABLE NANCY G. EDMUNDS

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS,

**I.      Introduction**

      Brian Keith Hamilton ("Petitioner"), a state prisoner confined at the St. Louis

Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus

asserting that he is being held in violation of his constitutional rights. Petitioner was convicted

of first-degree felony murder, felon in possession of a firearm, and possession of a firearm

during the commission of a felony following a jury trial in the Wayne County Circuit Court. He

was sentenced to life imprisonment without the possibility of parole on the murder conviction,

two to five years imprisonment on the felon in possession conviction, and a consecutive term of

two years imprisonment on the felony firearm conviction.

      In his pleadings, Petitioner raises claims of prosecutorial misconduct and ineffective

assistance of defense counsel. For the reasons set forth below, the Court denies the petition for

writ of habeas corpus.

## II.     Facts

Petitioner's convictions stem from the shooting death of Leo Arcome during a car lot

robbery on October 23, 2001 in Detroit, Michigan.  The Michigan Court of Appeals set forth the

background facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F.

Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> This case arose when defendant and an accomplice, Derek Mixon, pulled guns on
> the surprised owner of a used car lot in his back office, forced him to the floor,
> and began searching him and the office for money. Searching the office's desk,
> defendant opened a drawer and found a handgun the owner had hidden under
> some papers. Defendant picked up the gun. At that moment, the owner's brother
> and partner returned from their nearby garage with a car, and asked defendant and
> Mixon why they were in the office. The owner's brother drew a gun, and a
> gunfight ensued between the brother and the two gunmen in the office. The
> gunfight left the brother dead and Mixon injured.
>
> Defendant and Mixon left the scene in a car driven by their friend, Shawn Walker.
> Walker drove Mixon to the hospital, and police almost immediately suspected
> Mixon's involvement in the shooting. They brought Mixon in, and he confessed
> that he and defendant committed the robbery at the used car lot, but he claimed
> that he only shot at the victim once when his gun went off accidentally. Police
> arrested defendant and found gunpowder residue on the sleeves of his jacket.
> Police matched a bullet from the victim's chest with the gun defendant found in
> the drawer. At trial, Walker testified that he picked up defendant and Mixon from
> the scene, but Mixon testified that he robbed the used car lot with a man named
> "Mike."

*People v. Hamilton*, No. 247036, 2004 WL 2119592, *1 (Mich. Ct. App. Sept. 23, 2004)

(unpublished).

## III.     Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right with the

Michigan Court of Appeals raising the same claims contained in the instant petition.  The

Michigan Court of Appeals affirmed Petitioner's convictions and sentence.  *See People v.*

*Hamilton*, No. 247036, 2004 WL 2119592 (Mich. Ct. App. Sept. 23, 2004).  Petitioner filed an

application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Hamilton*, 473 Mich. 881, 699 N.W.2d 701 (2005).

> Petitioner thereafter filed the present habeas petition, asserting the following claims: The prosecutor committed misconduct that denied Petitioner his state and federal constitutional right to due process by urging the jury to consider Derek Mixon's statement to the police, admissible only to impeach Mixon's testimony, as substantive evidence of Petitioner's guilt. The error was plain; in the alternative, defense counsel was ineffective for failing to object.

Respondent has filed an answer to the petition asserting that it should be denied because the claims are barred by procedural default and/or lack merit.

## IV. Analysis

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## B.     Analysis

Petitioner asserts that he is entitled to habeas relief because the prosecution engaged in misconduct by referring to Derek Mixon's police statement, admitted for impeachment purposes, as substantive evidence of Petitioner's guilt. Petitioner further asserts that defense counsel was ineffective for failing to object to the prosecutor's comments at trial. Respondent contends that the prosecutorial misconduct claim is barred by procedural default and that the prosecutorial misconduct and ineffective assistance of counsel claims lack merit.

Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir. 1991). In *Wainwright*, the United States Supreme Court explained that a petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. 433 U.S. at 85.

In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05

(1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's prosecutorial misconduct claim, the court relied upon a state procedural bar -- Petitioner's failure to object to the alleged improper remarks at trial. *See Hamilton*, 2004 WL 2119592 at *1 (stating that a curative instruction would have cured any prejudice caused by the prosecutor's argument). The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In this case, the Michigan Court of Appeals denied this claim based upon Petitioner's failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner alleges ineffective assistance of defense counsel as cause to excuse his default. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Petitioner has not shown that defense counsel was deficient. Trial counsel may have reasonably decided not to object to the prosecution's alleged misconduct in order to avoid drawing more attention to such matters, or for other strategic reasons. The record reveals that counsel was well-prepared for trial, effectively cross-examined witnesses, and made other relevant and timely objections. Petitioner has not shown that trial counsel acted outside the range of reasonable conduct.

Moreover, even if counsel erred by failing to object to the prosecutor's remarks, Petitioner cannot establish that he was prejudiced by counsel's conduct. As noted by the Michigan Court of Appeals in denying relief on Petitioner's ineffective assistance of counsel claim, the prosecution presented other significant evidence linking Petitioner to the shooting. Shawn Walker testified that he gave a ride to Mixon and Petitioner shortly after the shooting, police found gun residue on Petitioner's jacket, and the car lot owner identified Petitioner as one of the perpetrators at trial. *See Hamilton*, 2004 WL 2119592 at *2. Furthermore, the trial court instructed the jury on the proper use of the inconsistent statements at trial. Jurors are presumed to follow the court's instructions. *See United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it."). Given these circumstances, Petitioner cannot establish that he was prejudiced by counsel's conduct in failing to object to the prosecutor's argument. Petitioner has thus failed to demonstrate that defense counsel was ineffective under the standard set forth in *Strickland* so as to establish cause to excuse his procedural default, or to justify habeas relief on his alternate claim of ineffective assistance of counsel.

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v.*

*McKeen*, 722 F.2d 286, 289 (6ᵗʰ Cir. 1983). Nonetheless, the Court notes that Petitioner cannot establish prejudice as his underlying prosecutorial misconduct claim does not warrant relief. To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6ᵗʰ Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*

While some of the prosecutor's references to Mixon's prior inconsistent statements, *see* Pet. Brief. pp. 16-18, were arguably improper, they were not so flagrant as to deny Petitioner a fundamentally fair trial. The comments, though deliberate and tending toward prejudicial, were relatively isolated in nature and were mitigated by the trial court's instructions on the proper consideration of the evidence. More importantly, the prosecution presented significant identification evidence, independent of Mixon's prior police statement, to support Petitioner's convictions. *See* discussion *supra*. Petitioner has thus not established prejudice or entitlement to habeas relief on his prosecutorial misconduct claim.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His prosecutorial misconduct claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief. Petitioner's related ineffective assistance of counsel claim also lacks merit and does not warrant habeas relief.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not shown that the state court's decision is contrary to Supreme Court precedent or an unreasonable application of the law or the facts. He is thus not entitled to habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 30, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 30, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager